**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Darryl Anthony CARR, Defendant–**
**Appellant.**

No. 99–50318.
D.C. No. CR–98–00034–R (B).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2001.

Decided April 24, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM *

Darryl Anthony Carr appeals his convictions of mailing an explosive device resulting in death, and related offenses. We affirm. Because the parties are familiar with the facts, we do not recite them here.

 1. The district court properly denied Carr's motions to hold a hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Disregarding its alleged defects, the affidavit prepared by Inspector Taranto demonstrated probable cause for issuance of a warrant to search Carr's apartment. Probable cause for a warrant "requires only a probability or substantial chance of criminal activity." *Illinois v. Gates,* 462 U.S. 213, 245 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The affidavit challenged here plainly satisfied that standard: It noted, *inter alia,* that Carr was apprehended carrying pipe consistent with the pipe used in the mail bomb; that Carr admitted to having unrequited "feelings" for Galindo, and to being upset that she dated other men; that Carr had studied electrical engineering and kept electrical components in his apartment; and that

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Carr had recently mailed a parcel from the post office from which the bomb was sent.

■ 2. Much more questionable are the district court's evidentiary rulings. While the suppressed testimony concerning Galindo's true sex was not intrinsically probative of any material issue in the trial, it became probative of the government's theory regarding Carr's motive to commit the charged offenses, as even the government recognized. At that point, the testimony ought to have been admitted.

■ Likewise, the district court should have allowed Carr to cross-examine government witnesses about their use of multiple identities, as this practice bore on the witnesses' truthfulness. *Cf. United States v. Mansaw,* 714 F.2d 785, 789 (8th Cir.1983) ("A witness' use of false names or false identities is a proper subject of cross-examination under Fed.R.Evid. 608."). There were further errors concerning limitations on cross-examination as well: While some of the distric court's limitations on cross-examination were appropriate, Carr should have been permitted to reveal the deceptive nature of Bustamente's occupation, and to question Bustamente regarding his wish to avoid imprisonment.

■ We conclude also that the district court erred in prohibiting Carr from arguing that certain evidence had been planted in his apartment. "[D]enying an accused the right to make final arguments on his theory of the defense denies him the right to assistance of counsel." *Conde v. Henry,* 198 F.3d 734, 739 (9th Cir.1999). This principle applies with equal force even where, as here, the inferences proposed by the defense are tenuous or far-fetched. "[N]o matter how strong the case for the prosecution may appear to the presiding judge," a defendant "has a right to make a closing summation to the jury." *Id.* (quoting *Herring v. New York,* 422 U.S. 853, 858, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975)).

■ 3. Nonetheless, we leave the jury's verdict intact because we find that in this case the district court's errors were harmless. Even trial error of constitutional magnitude is disregarded if the reviewing court finds beyond a reasonable doubt that the error did not contribute to the verdict. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see also* Fed. R.Crim. Pro. 52(a) ("Any error, defect, irregularity or variance which does not effect substantial rights shall be disregarded."). When determining whether constitutional error was harmless, we consider numerous factors, including "the importance of the witness' testimony . . ., whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, . . . and, of course, the overall strength of the prosecution's case." *Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

Applying those factors here, we are satisfied beyond a reasonable doubt that the trial errors did not contribute to Carr's conviction. The case against Carr was simply overwhelming, including vast amounts of direct and circumstantial evidence of the bombings, as well as evidence of motive, capability, and preparation to commit the crimes. While the district court ought to have let Carr present his implausible defense theories to the jury, its failure to do so did not affect the jury's verdict.

AFFIRMED.